THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ENTRY SYSTEMS, LLC,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**GENERAL MOTORS COMPANY,**<br><br>　　　　　　　　　　Defendant. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Entry Systems, LLC ("Entry" or "Plaintiff") makes the following allegations against General Motors Company ("GM" or "Defendant"):

## PARTIES

1. Plaintiff Entry is a Texas limited liability company, having a principal place of business of 110 North College Avenue, Ste. 1504, Tyler, TX 75702.

2. Defendant GM is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 300 Renaissance Center, Detroit, MI 48265.  GM may be served via its registered agent for service of process: Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,161,005

1. Plaintiff is the owner by assignment of United States Patent No. 6,161,005 ("the '005 Patent") titled "Door Locking/Unlocking System Utilizing Direct and Network Communications." The '005 Patent issued on December 12, 2000. A true and correct copy of the '005 Patent is attached as Exhibit A.

2. Upon information and belief, Defendant has been and is now infringing the '005 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems (including, without limitation, OnStar Remote Link) that provide a locking and unlocking arrangement for a door, including a controller, an electronically actuated mechanism for locking and unlocking the door, a telephone signal receiving circuitry, a sensor to receive wireless signals, non-telephone wireless signal receiving circuity, and a controller, covered by one or more claims of the '005 Patent to the injury of Entry. Defendant is directly infringing, literally infringing, and/or

infringing the '005 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '005 Patent pursuant to 35 U.S.C. § 271.

3. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '005 Patent complied with any such requirements.

4. As a result of Defendant's infringement of the '005 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

5. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '005 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '005 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '005 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '005

Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

    4.    Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Entry, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED December 31, 2014.

Respectfully submitted,
By: /s/ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF ENTRY SYSTEMS, LLC**